**Philip J. BERG, Esquire, on his Behalf and on Behalf of the Government of the United States of America, Appellant**

v.

**Barack Hussein OBAMA and United States of America, Appellees.**

No. 09–5362.

United States Court of Appeals, District of Columbia Circuit.

June 30, 2010.

Rehearing En Banc Denied Sept. 20, 2010.

Philip J. Berg, Esquire, Lafayette Hills, PA, pro se.

Eric Fleisig–Greene, Mark B. Stern, U.S. Department of Justice, Ronald C. Machen, Jr., Esquire, U.S., R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: ROGERS, GARLAND, and BROWN, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed June 9, 2009, and September 21, 2009, be affirmed. The district court properly dismissed appellant's qui tam action. The False Claims Act "give[s] the government an unfettered right to dismiss [a qui tam] action," *Swift v. United States*, 318 F.3d 250, 252 (D.C.Cir.2003), and the government's decision to dismiss the action is not reviewable, *see Hoyte v. American National Red Cross*, 518 F.3d 61, 65 (D.C.Cir.2008). Appellant has not shown that he is entitled to discovery of the information the Department of Justice used in deciding to dismiss his qui tam action. *See Swift*, 318 F.3d at 254 ("[A] party is not entitled to discovery of information relating to prosecutorial decisions absent a substantial threshold showing.") (citing *United States v. Armstrong*, 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)). Nor has appellant demonstrated that the Department of Justice and the Attorney General have a

conflict of interest because the case involves claims against the President.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.